IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2006

## XAVIER TODD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-24878     W. Fred Axley, Judge**

_____

**No. W2005-02483-CCA-R3-PC  - Filed September 27, 2006**

_____

The appellant appeals from the trial court's denial of a motion for nunc pro tunc order. Because such an order is not subject to an appeal as of right under Rule 3 of the Tennessee Rules of Appellate Procedure, we dismiss the appellant's appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLILAMS, JJ., joined.

Xavier Todd, Pro Se, Memphis, Tennessee..

Paul G. Summers, Attorney General and Reporter; C. Daniel Lins, Assistant Attorney General; William L. Gibbons, District Attorney General; and Dean Decandia, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 19, 2000, the appellant pled guilty, pursuant to a negotiated plea agreement, to two counts of theft of property over $60,000, one count of intentionally evading arrest in a motor vehicle, three counts of burglary of a building, two counts of driving a motor vehicle in violation of the Habitual Motor Vehicle Offender's Act, one count of possession of a handgun by a convicted felon, and one count of theft of property over $1,000. The trial court sentenced the appellant to serve an effective sentence of thirty years. The trial court ordered the sentences for the above convictions to be served concurrently to each other, as well as, a sentence the defendant was serving from a federal conviction. The appellant was also classified as a career offender with a sixty percent release eligibility.

On March 29, 2001, the appellant filed a pro se Petition for Post-conviction Relief. The appellant argued that he was denied effective assistance of counsel and that he entered his guilty plea unknowingly and involuntarily. On April 10, 2001, the post-conviction court appointed private counsel to represent the appellant. The appellant subsequently filed two amended petitions for post-conviction relief, one on August 7, 2001 and one on May 16, 2002. Both petitions argued that the appellant's plea was entered into involuntarily and unknowingly because his plea was based solely on the fact that the State promised that his state sentences were to be served concurrently to his federal sentences. At the time he filed his petitions, the appellant was not imprisoned in a federal facility. The second petition also alleged ineffective assistance of counsel based upon advice by his trial counsel to agree to a sentence outside of his sentencing range.

On April 24, 2003 the post-conviction court entered a Consent Order on the appellant's petition for post-conviction relief. This order modified the appellant's sentence to a forty-five percent sentencing range from sixty percent because of confusion concerning current sentencing ranges of defendants who had the old Class X felony status. The trial court modified the judgments to reflect the change of the appellant's sentencing range to forty-five percent. On February 17, 2004 the trial court entered an order setting release on own recognizance transferring the appellant to federal custody.

On October 4, 2004, the appellant filed a writ of habeas corpus with the trial court. Xavier S. Todd v. State, No. W2005-00681-CCA-R3-HC, 2005 WL 2259060 (Tenn. Crim. App., at Jackson, Sept. 16, 2005). The habeas corpus court denied the writ and the appellant appealed to this Court. We affirmed the denial of the appellant's writ because he was currently housed in a federal prison, and under Tennessee Code Annotated section 29-21-102, "a state judge has no authority to order the release of a person" who is in federal custody. Id. at * 2.

On June 14, 2005, the appellant filed his motion for nunc pro tunc order that is the subject of the current appeal. The appellant argued that the consent order entered by the post-conviction court should have also contained an agreement that his state sentences were coterminous with his federal sentences, therefore, the State's detainer was unnecessary. On September 26, 2005, the trial court denied the appellant's motion stating:

> **IT APPEARS TO THE COURT THAT**, based upon the Defendant's Motion, the State's Response, statements of counsel, and opinion of the Court, that the Motion is not well-taken because the State of Tennessee's detainer on the Defendant is proper.
>
> Defendant's state sentence will expire after his projected release date from federal custody. Moreover, there is no certainty that Defendant will be paroled by the State of Tennessee after completing his state sentence at the agreed percentage. The detainer will insure that, upon completing his federal sentence, he is brought to state custody to complete the remainder of his state sentence.

Acting pro se, the appellant filed a timely notice of appeal.

## ANALYSIS

On appeal the appellant is acting pro se. He argues that the trial court erred in denying the motion for nunc pro tunc order because it was the intention of the State, the appellant and the Court to make his State sentences coterminous with his federal sentence. There is no basis for this conclusion in the record before this Court. The appellant argues that the plea colloquy and post-conviction proceedings support his argument, but these are not included in the record on appeal. The State argues that the appellant's appeal should be dismissed because Rule 3 of the Tennessee Rules of Appellate Procedure does not allow an appeal from the trial court's order in this particular situation.

Rule 3(b) of the Tennessee Rules of Appellate Procedure sets out the circumstances when a defendant has an appeal as of right. Rule 3(b) states:

> In criminal actions an appeal as of right by a defendant lies form any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, [in limited circumstances]. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

The order in the case sub judice does not fit within the circumstances delineated above. We have previously dismissed an appeal from a trial court's denial of a motion for nunc pro tunc order based on Rule 3(b). State v. Anthony Layne, No. M2004-01753-CCA-R3-CD, 2005 WL 1190739 (Tenn. Crim. App., at Nashville, May 13, 2005). Because the trial court's order is not appealable under Rule 3(b), the appellant is not entitled to an appeal as of right from that order.

## CONCLUSION

For the foregoing reasons, we dismiss the appellant's appeal.

_____

JERRY L. SMITH, JUDGE

-3-